No. 9914.

W. S. CALHOUN VS. H. McKNIGHT ET AL.

In a rule taken by an heir to be put in possession of an estate, and for other purposes, any irregularity in such proceeding, though urged in oral and written argument, will not be considered in the absence of pleadings raising such issues, save in exceptional cases.

An heir is not entitled to be put into possession of certain funds in the hands of an adminis-
trator, when it appears that this fund is in litigation between the succession and another
claimant. The heir cannot receive it until the litigation is terminated, though other-
wise he might be entitled to it.

APPEAL from the Twelfth District Court, Parish of Grant. *Overton, J.*

*Thorpe & Peterman* for Plaintiff and Appellee.

*White & Thornton* for Defendants and Appellants.

---

The opinion of the Court was delivered by

TODD, J. On the 31st of October, 1884, the plaintiff presented a petition to the district court of Grant parish, alleging that he and Mrs. Lane were sole legal heirs of Meredith Calhoun, deceased, whose succession was ópened in said parish and was then under administration. He further alleged that he accepted said succession purely and simply, and prayed that his co-heir, Mrs. Lane, and McKnight, the adminis-trator, be cited, that the latter be ordered to render his account and that he, the petitioner, be recognized as an heir accepting the succes-

sion absolutely and unconditionally, and be put in possession of the estate.

There was judgment rendered on default in the plaintiff's favor, granting the prayer of his petition, save with respect to the demand to be put in possession of the property of the succession, in which point the judgment was silent.

This judgment was rendered on the 25th of November, 1884.

McKnight, administrator. subsequently filed an account of his administration as ordered in the judgment, and a short time thereafter died, and Mrs. Elizabeth McKnight, his surviving widow, was appointed administratrix of his succession.

On the 9th of September, 1886, W. S. Calhoun, plaintiff, filed a rule, alleging that he had been recognized as an heir of Meridith Calhoun, accepting his succession purely and simply as shown by the judgment of November, 1884; that the administrator had died before putting him in possession of the property, and prayed that Mrs. McKnight, administratrix of Howard McKnight, be required to show cause why she should not deliver to the petitioner all the property movable and immovable, rights and credits of the succession of Meredith Calhoun, which remained in the hands of Howard McKnight, administrator, at his death, and of which Mrs. McKnight, his administratrix, was then in possession; Mrs. Lane was also made party to the rule.

There was judgment making the rule absolute and requiring Mrs. McKnight, administratrix, to turn over to the plaintiff all the property in her possession belonging to the succession of Meredith Calhoun.

This is the judgment before us for review under an appeal therefrom taken by Mrs. McKnight and Mrs. Lane.

The defendant's main contention before this Court is:

First, that the proceeding by rule was illegal and unwarranted; that the judgment first rendered virtually denied the right of the plaintiff to be put in possession of the estate, by reason of its silence in this demand, which formed part of the petition; and that a rule could not be engrafted on this judgment to enforce a demand which the judgment itself had refused.

Further, the incapacity of Mrs. McKnight, administratrix, to stand in judgment or to represent the succession of Meredith Calhoun is urged.

These are nice questions which admit of ample discussion, but we are powerless to consider them, since they were not raised by the pleadings, but appear for the first time in the brief of the counsel before this Court.

The defenses set up in the answers are without force with one exception. That exception is: It is alleged, quoting, that there is a suit pending between this opponent (Mr. Lane) and H. McKnight, administrator—the said McKnight being appellant from a judgment decreeing him to pay petitioner (Mrs. Lane) about $750 collected from rents of opponent's (Mrs. Lane), and this Court cannot order said funds to be paid to the said Calhoun."

The evidence in the record in support of this averment and defense is as follows, (quoting): "It is admitted that the appeal in the suit of M. M. A. Lane vs. H. McKnight, administrator, is now pending before the Court of Appeals from a judgment rendered by the district court against H. McKnight, administrator, for rents alleged by Mrs. Lane to have been collected from her lessees. It is admitted that on the homologation of McKnight's account of September 18, 1884, the amount of these rents was left in his hands to await the issue of that suit."

Under the judgment appealed from in the instant case, this identical fund with all other funds and assets of the succession of Meredith Calhoun, are ordered to be paid over to W. S. Calhoun, plaintiff herein, notwithstanding Mrs. Lane had obtained judgment for the same in the district court and the appeal therefrom pending in the Court of Appeals as shown.

It was wrong to disturb the disposition of this fund made by the judgment homologating the account and the further proceedings mentioned, and the judgment in this respect must be corrected and amended.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be amended by adding and interpolating after the words " due course of administration," found in said judgment the following: "and save and except the amount decreed Mrs. Lane by the judgment rendered in the district court in her favor in the suit of M. M. A. Lane vs. H. McKnight, administrator, and now on appeal in the Circuit Court;" and as thus amended the judgment is affirmed, the costs of appeal to be paid by the plaintiff and appellee.